IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRKO CHILUZZI,

    Plaintiff,

vs.

ITALIAN BOUTIQUE
RESTAURANTS, LLC,
a Florida Limited Liability
Company, and CRISTOFORO
PIGNATA, an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MIRKO CHILUZZI, sues Defendants, ITALIAN BOUTIQUE RESTAURANTS, LLC and CRISTOFORO PIGNATA, and shows:

### Introduction

1.    This is an action by MIRKO CHILUZZI against his former employers for unpaid overtime and retaliation pursuant to the Fair Labor Standards Act.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 215. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.    The claims arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.    Plaintiff, MIRKO CHILUZZI, (hereinafter "CHILUZZI") a resident of Miami-Dade County, was at all times material, employed by ITALIAN BOUTIQUE RESTAURANTS,

LLC, as a pizza chef, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ITALIAN BOUTIQUE RESTAURANTS, LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, ITALIAN BOUTIQUE RESTAURANTS, LLC (hereinafter, "ITALIAN BOUTIQUE RESTAURANTS"), is a Florida Limited Liability Company doing business in Miami-Dade County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurants where CHILUZZI was employed.  At all times pertinent to this Complaint, ITALIAN BOUTIQUE RESTAURANTS operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and ITALIAN BOUTIQUE RESTAURANTS obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Defendant, CRISTOFORO PIGNATA (hereinafter "PIGNATA"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ITALIAN BOUTIQUE RESTAURANTS.

7. Defendant PIGNATA acted and acts directly in the interests of Defendant ITALIAN BOUTIQUE RESTAURANTS, in relation to its employees. With regard to CHILUZZI, PIGNATA hired him, set his pay, set his work schedule, and ultimately decided to terminate him. Thus PIGNATA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**Count I – Violation of FLSA by Defendant ITALIAN BOUTIQUE RESTAURANTS – Overtime**

8. Plaintiff, MIRKO CHILUZZI, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

9. Since on or about March 7, 2011 up to and including October 27, 2013, Defendant ITALIAN BOUTIQUE RESTAURANTS has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically CHILUZZI, since March 7, 2011, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

10. The failure to pay overtime compensation to CHILUZZI is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if CHILUZZI was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to CHILUZZI.

11. ITALIAN BOUTIQUE RESTAURANTS' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and CHILUZZI's status as non-exempt, but chose not to pay him in accordance with the Act.

12. CHILUZZI is entitled pursuant to 29 U.S.C. § 216(b), to recover from ITALIAN BOUTIQUE RESTAURANTS:

    a. all unpaid overtime that is due;

    b. as liquidated damages, an amount equal to the unpaid overtime owed;

    c. the costs of this action; and,

    d. a reasonable attorney's fee.

WHEREFORE, Plaintiff, MIRKO CHILUZZI, prays that this court will grant judgment against Defendant ITALIAN BOUTIQUE RESTAURANTS:

    a. awarding CHILUZZI payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding CHILUZZI an additional equal amount as liquidated damages;

    c. awarding CHILUZZI his costs, including a reasonable attorney's fee; and,

    d. granting such other and further relief as is just.

### Count II –Violation of FLSA by Defendant PIGNATA – Overtime

13. Plaintiff, MIRKO CHILUZZI, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 4, 6 and 7 above.

14. Since on or about March 7, 2011, up to and including October 27, 2013, Defendant PIGNATA has willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically CHILUZZI, since March 7, 2011, has worked in excess of 40 hours a week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

15. The failure to pay overtime compensation to CHILUZZI is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if CHILUZZI was exempt, PIGNATA's actions and/or conduct have effectively removed any exemption that may have applied to CHILUZZI.

16. PIGNATA's actions were willful and purposeful as he was well aware of the Fair Labor Standards Act and CHILUZZI's status as non-exempt, but chose not to pay him in accordance with the Act.

17. CHILUZZI is entitled pursuant to 29 U.S.C. § 216(b), to recover from PIGNATA:

    a. all unpaid overtime that is due;

    b. as liquidated damages, an amount equal to the unpaid overtime owed;

    c. the costs of this action; and,

    d. a reasonable attorney's fee.

WHEREFORE, Plaintiff, MIRKO CHILUZZI, prays that this court will grant judgment against Defendant PIGNATA:

    a. awarding CHILUZZI payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding CHILUZZI an additional equal amount as liquidated damages;

    c. awarding CHILUZZI his costs, including a reasonable attorney's fee; and,

    d. granting such other and further relief as is just.

**Count III – Violation of the FLSA by ITALIAN BOUTIQUE RESTAURANTS – Retaliation**

18. Plaintiff, CHILUZZI, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 above.

19. Towards the end of CHILUZZI's employment, he complained to Defendants about the manner in which he was getting paid and the fact that he was not receiving overtime. In response to CHILUZZI's complaints, the Defendants converted CHILUZZI from salary and paid him a reduced hourly wage to compensate for the overtime that CHILUZZI would earn. Shortly thereafter, Defendants terminated CHILUZZI's employment.

20. As a result of Plaintiff's complaints mentioned above, Defendant discharged Plaintiff from his employment.

21. Defendant's actions as more particularly described above were directly related to and in response to Plaintiff's complaints about his pay, since there are no other justifiable reason for Defendant's adverse action.

22. Plaintiff's complaints about the manner in which he was paid constitutes statutorily protected conduct under Section 15(a)(3) of the FLSA.

23. Defendant's adverse treatment of Plaintiff was pre-textual and a direct result of Plaintiff's public opposition to Defendant's pay practices.

24. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

25. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from Defendant:

    a. all lost wages that are due;

    b. as liquidated damages, an amount equal to lost wages;

    c. the costs of this action; and,

    d. a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant ITALIAN BOUTIQUE RESTAURANTS:

    a. awarding Plaintiff all lost wages found by the court to be due to him;

    b.  awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

    c.  awarding Plaintiff his costs, including a reasonable attorney's fee; and,

    d.  granting such other and further relief as is just.

### Count IV – Violation of FLSA by PIGNATA – Retaliation

26. Plaintiff realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 4, 6, 7 and 19 through 25 above.

WHEREFORE, Plaintiff prays that this court will grant judgment against Defendant CRISTOFORO PIGNATA:

    a.  awarding Plaintiff all lost wages found by the court to be due to him;

    b.  awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

    c.  awarding Plaintiff his costs, including a reasonable attorney's fee; and,

    d.  granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: November 27, 2013
Plantation, Florida

              Respectfully submitted,

              s/Robert S. Norell
              Robert S. Norell, Esq. (Fla. Bar No. 996777)
              E-Mail: rob@floridawagelaw.com
              ROBERT S. NORELL, P.A.
              300 N.W. 70th Avenue
              Suite 305
              Plantation, Florida 33317
              Telephone: (954) 617-6017
              Facsimile: (954) 617-6018
              Counsel for MIRKO CHILUZZI